DONALD MacPHERSON, RESPONDENT, v. JOHN MACKAY, APPELLANT.

Submitted December 6, 1917—Decided February 21, 1918.

1. In suits brought for breach of contract, where one party has been prevented from completing his contract by the illegal action of the other party, the measure of damages is the loss that has resulted to the innocent party from the entire transaction.
2. In a suit in which plaintiff claimed damages by reason of being prevented from completing his contract by the illegal action of the defendant, and in which the defendant set up that the plaintiff had abandoned the work, the defendant's claim for damages, based upon the loss occasioned by his letting out the work to another at a higher figure, is such an "account, debt or demand" under section 60 of the District Court act (*Comp. Stat., p.* 1970) as to be the basis for a counter action against the plaintiff's demand and to warrant the admission of such claim in evidence.

On appeal from the Third Judicial District Court of Bergen county.

Before Justices SWAYZE, TRENCHARD and MINTURN.

For the respondent, *Hunziker & Randall.*

For the appellant, *Lewis A. Allen.*

The opinion of the court was delivered by

MINTURN, J. The suit was instituted to recover damages for a breach of contract, and the jury found for the plaintiff. The contract alleged is the agreement of defendant to pay plaintiff $425 for painting the Harriman Orphans' Home at Monsey, New York, and the sum of $135 for painting said home, "instead of kalsomining, making the total contract price $500."

The breach consisted in defendant's refusal to allow plaintiff to complete the work after he had commenced performance.

The learned trial court treated the issue as one upon which the plaintiff in the event of his own dereliction might recover in *assumpsit* upon the common counts, for work performed, and proceeding upon that misconception charged the jury that the plaintiff might recover upon a *quantum meruit*. The fundamental error in the procedure is manifest, for either the plaintiff was entitled to recover damages for the breach of his contract, if he had been illegally arrested by the defendant in the performance of it, or he was not entitled to recover because of his failure to perform. *Ryan* v. *Renney, 57 N. J. L.* 474; 6 *R. C. L.* 976, and cases.

There was evidence in the case from which it might be argued that the defendant had justifiable and reasonable cause for restraining the plaintiff in attempted performance, under the conditions existing, and also that the plaintiff unreasonably abandoned the work, but whether such interference was warranted, or whether the plaintiff was justified in his abandonment by the facts and circumstances, presented the gravamen of the action to which the attention of the jury should have been directed. *Murtland* v. *Atlantic City, 75 N. J. L.* 592; *Ferber* v. *Cona, 89 Id.* 135; *O'Neil* v. *Supreme Council, 70 Id.* 410.

Chief Justice Beasley, in Ryan *v.* Renney, emphasized the rule of damages upon this legal conception of procedure, as follows: "Indeed, in this class of cases in which one party has been prevented from completing his contract by the illegal action of the other party, the measure of damages is almost universally the loss that has resulted to the innocent party from the entire transaction," citing *Kehoe* v. *Rutherford, 74 N. J. L.* 659.

This conception of the situation reduces the claim to one of tort-feasance, based upon the defendant's alleged arbitrary action in preventing fulfillment. As a corollary to this inquiry the briefs present the question whether in such a situation, the defendant may offset what he claims to be a liquidated demand against the plaintiff's recovery. Unless the demand be liquidated this court, based upon the theory that in fact the plaintiff abandoned his contract, held prior to the

enactment of the Practice act of 1912, that it was not the subject of set-off. *Slaytor, &c., Co.* v. *Specialty Company,* 69 *N. J. L.* 214.

The demand of the defendant in this instance is based upon consequent letting out the work by defendant to another at a higher figure, whereby the defendant was subjected to a loss, based upon the difference between the contract prices of the two contracts.

It has been held that the test of a liquidated demand is the ability to reduce it to certainty, by calculation doubtless upon the strength of the maxim *Id est certum quod certum reddi potest.* *Parker* v. *Hartt,* 32 *N. J. Eq.* 225.

Vice Chancellor Van Fleet, in that case, defines quite lucidly the distinction between recoupment and set-off, and quotes the definition given by Judge Bronson in *Batterman* v. *Pierce,* 3 *Hill* 171, 174: "When the demands of both parties spring out of the same contract or transaction, the defendant may recoup, although the damages on both sides are unliquidated; but he can only set off where the demands of both parties are liquidated, or are capable of being ascertained by calculation." To the same effect is 3 *Bouv.* 3053.

The language of the District Court act (*Comp. Stat., p.* 1970, ¶ 60) seems sufficiently generic and liberal in the use of the words "account, debt or demand" of the defendant, as the basis for a counter-action against the plaintiff's "demand" to warrant the admission of the defendant's claim in evidence, in support of his defence of abandonment, and as the logical result of the plaintiff's alleged act.

In the absence of such a construction, it is difficult to perceive how the defendant can thereafter in another action assert his claim or prove his demand, since the sixty-first section of the act forecloses him from such action, by providing that unless the demand be interposed, he "shall forever thereafter be precluded from having or maintaining any action for such account or demand or from setting off the same in any future suit."

This construction of the act seems to be supported by the twelfth section of the Practice act, which concedes to the de-

fendant the right "to counter-claim or set-off any cause of action" (*Pamph. L.* 1912, *p.* 379), and which further provides that the act "shall be liberally construed, to the end that legal controversies may be speedily and finally determined, according to the substantive rights of the parties."

This mandate of procedure, read in conjunction with the sixty-eighth section of the District Court act, making the practice of the Circuit Court applicable to the procedure of the District Court, would seem to be dispositive of the defendant's right to interpose his demand.

These considerations require the reversal of the judgment below and the trial of the cause *de novo*.